**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Paul Guertin, | No. CV-24-00054-PHX-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| United States of America, | |
| Defendant. | |

Pending before the Court is Defendant's Motion to Transfer (Doc. 11). Plaintiff filed a response (Doc. 14), to which Defendant replied (Doc. 15). After considering the parties' arguments and relevant case law, the Court will grant the Motion.

**I.    BACKGROUND**

Plaintiff worked as a Foreign Service Officer in the United States Department of State (the "State Department") from 2007 to 2017. (Doc. 1 at 3 ¶ 8.) During his diplomatic career, Plaintiff served at posts in China, Pakistan, and the United States. (*Id.* at 3–6 ¶¶ 9–15.) As a condition of his employment, Plaintiff had to pass periodic background and security-clearance investigations. (*Id.* at 7–8 ¶¶ 18–22.) In April 2016, he submitted an updated background check form, known as an SF-86, and in June 2017 was informed that his security clearance had been suspended on an interim basis. (*Id.* at 8–9 ¶¶ 21–23.) Two months later, Plaintiff resigned from the State Department. (*Id.* at 9 ¶ 24.)

In 2021, Plaintiff was indicted for wire fraud in violation of 18 U.S.C. § 1343 and obstructing an official proceeding in violation of 18 U.S.C. § 1512(c)(2) in the District of

Columbia. (*Id.* at 37 ¶ 104.) The indictment alleged that Plaintiff made three misrepresentations on his SF-86 to retain his clearance and unlawfully maintain his State Department employment and salary. (*Id.* ¶ 105.) First, the indictment alleged that Plaintiff failed to disclose that he had engaged in an unreported sexual relationship with a foreign national after adjudicating the foreign national's visa application. (*Id.*; Doc. 11 at 2.) Next, the indictment alleged that Plaintiff failed to disclose significant gambling debts. (Doc. 1 at 37–38 ¶ 106; Doc. 11 at 2.) And third, the indictment alleged that Plaintiff failed to disclose a loan agreement that he had with two foreign nationals. (Doc. 1 at 38 ¶ 107; Doc. 11 at 2.)

Plaintiff moved to dismiss the indictment for failure to state an offense and for alleged government misconduct before the grand jury—namely allegedly misleading and prejudicial testimony of the government's witness. (Doc. 1 at 39 ¶ 112.) In January 2022, the court granted the motion and dismissed both counts for the indictment for failure to state an offense. The court did not review the misconduct allegations because Plaintiff prevailed on the merits. Defendant appealed the dismissal of the wire fraud count to the D.C. Circuit Court of Appeals, which affirmed the District Court. *See United States v. Guertin*, 67 F.4th 445 (D.C. Cir. 2023).

Plaintiff now brings this lawsuit, asserting five counts under the Federal Torts Claims Act ("FTCA"). (*Id.* at 42–48 ¶¶ 120–179.) Plaintiff filed this lawsuit in the District of Arizona. (*See* Doc. 1.) Plaintiff primarily asserts that the government's sole witness—Special Agent Robin Leipfert of the State Department Office of Inspector General—repeatedly and deliberately perjured herself in search warrant affidavits and in her grand jury testimony. (Doc. 1 at 1.) Plaintiff alleges that due to Agent Leipfert's conduct, he suffered "fraudulent allegations of criminal conduct" that derailed his career and disgraced him publicly. (*Id.*) Plaintiff also filed a *Bivens* suit with the same allegations in the District of Columbia. (Doc. 11 at 3.) Defendant now seeks to transfer this case to the District of Columbia. (*Id.*)

- 2 -

## II.     LEGAL STANDARD

Under 28 U.S.C. § 1404(a) "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." The statute is meant "to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Airbus DS Optronics GmbH v. Nivisys LLC*, No. CV-14-02399-PHX-JAT, 2015 WL 3439143, at *2 (D. Ariz. May 28, 2015) (cleaned up). The defendant carries the burden of showing the transfer is warranted, and "must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986); *see also Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 499 (9th Cir. 2000). Additionally, an FTCA action "may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b).

Courts employ a two-step analysis when determining whether a transfer is proper. *Airbus DS Optronics*, 2015 WL 3439143, at *2. First, a court considers whether "the case could have been brought in the forum to which the moving party seeks to transfer the case." *Id.* To meet this requirement, the court in the proposed transferee district "must have subject matter jurisdiction and be a proper venue, and the defendant must be amenable to service of process issued by that court." *Id.* "Second, a court must consider whether the proposed transferee district is a more suitable choice of venue based upon the convenience of the parties and witnesses and the interests of justice." *Id.* The Ninth Circuit has set forth factors that a court may consider in making this determination:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Jones*, 211 F.3d at 498–99. The "relevant public policy of the forum state" is also a factor.

1 *Id.* at 499. No single factor is dispositive, and courts retains broad discretion in
2 adjudicating these motions. *Stewart Org, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988).

3 **III. DISCUSSION**

4 The Court will proceed with the two-step analysis outlined above.

5 **A. Step One**

6 As discussed, step one requires the Court to consider whether "the case could have
7 been brought in the forum to which the moving party seeks to transfer the case." *Airbus
8 DS Optronics*, 2015 WL 3439143, at *2. Defendant argues that this case arises entirely
9 from actions that took place in the District of Columbia, and therefore could have been
10 brought in that District. (Doc. 11 at 6–12.) Plaintiff counters that in his *Bivens* case,
11 Defendant is arguing that jurisdiction is not proper in the District of Columbia because the
12 District arguably lacks personal jurisdiction over Agent Leipfert—and should therefore not
13 be permitted to argue for the District of Columbia's jurisdiction here. (Doc. 14 at 2–3.)

14 Plaintiff's argument misses the mark. First, the *Bivens* action is a separate case in
15 which Plaintiff is suing Agent Leipfert in her individual capacity. (Doc. 14 at 2.) Here,
16 Plaintiff is suing the United States. (Doc. 1.) Plaintiff clearly could have brought this
17 action against the United States in the District of Columbia. To begin, the District
18 Columbia has subject matter jurisdiction over the case because the case stems from the
19 FTCA. Next, that District is the proper venue, given that the incidents giving rise to the
20 claims occurred in Washington, D.C. (*See generally* Doc. 1.) Further, Defendant is
21 amenable to service of process issued by the District of Columbia. *See Wilkerson v.*
22 *Walgreens Speciality Pharm. LLC*, 637 F. Supp. 3d 718, 723–24 (D. Ariz. 2022).

23 For these reasons, step one of the analysis is satisfied. *See Airbus DS Optronics*,
24 2015 WL 3439143, at *2.

25 **B. Step Two**

26 The Court will move to the *Jones* factors to determine whether the District of
27 Columbia is a more suitable choice of venue based upon the convenience of the parties and
28 witnesses and the interests of justice. *See Jones*, 211 F.3d at 498–99.

- 4 -

### 1. *Location Where Relevant Agreements Were Negotiated and Executed*

The parties agree that this factor does not apply because there are no relevant agreements at issue. (Doc. 11 at 7; Doc. 14 at 4.) Therefore, this factor is neutral.

### 2. *Forum That Is Most Familiar with the Governing Law*

Defendant argues that this case includes District of Columbia tort law, and therefore the District of Columbia court and practitioners would be most familiar with the applicable law. (Doc. 11 at 7.) Plaintiff argues that this case primarily presents questions of federal law, which this Court is equally equipped to handle. (Doc. 14 at 4.)

Under the FTCA, the substantive law of the place where the alleged injury-causing act or omission occurred applies to the claims and defenses. *Mundt v. United States*, 611 F.2d 1257, 1259 (9th Cir. 1980); 28 U.S.C. § 1346(b). Here, Plaintiff asserts that Agent Leipfert's actions "amounted to" multiple torts under District of Columbia tort law. (*See* Doc. 1 at 43, 44, 45, 46, 48 ¶¶ 128, 137, 139, 141, 153, 160, 162, 176.) Plaintiff's lawsuit seeks to hold the United States liable for Agent Leipfert's allegedly tortious conduct. In turn, District of Columbia tort law squarely applies, and the Court agrees that the District of Columbia will be more familiar with the relevant law. *See also Webb-Beigel v. United States*, No. CV-18-00352-TUC-JGZ, 2020 WL 13460838, at *1 (D. Ariz. Jan. 22, 2020) (transferring a case to a jurisdiction more familiar with the state law at issue); *Lewis v. Veterans Affs. Healthcare Sys. El Paso*, No. 19-CV-667-PP, 2020 WL 1558139, at *5 (E.D. Wis. Feb. 5, 2020) (same).

Accordingly, this factor weighs in favor of transfer.

### 3. *Plaintiff's Choice of Forum*

Defendant argues that Plaintiff's choice of forum is not entitled to substantial consideration here because none of the underlying actions occurred in Arizona. (Doc. 11 at 8.) Plaintiff counters that his decision to litigate in the District of Arizona should be afforded great deference. (Doc. 14 at 6.) Generally, a court affords a plaintiff's choice of forum great weight, *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987), however, a court

must also consider the respective parties' contact with the chosen forum when determining how much weight this factor receives. *Id.* Indeed, "[i]f the operative facts have not occurred within the forum and the forum has no interest in the parties or subject matter," the plaintiff's choice "is entitled only minimal consideration." *Id.*

The Court finds that this circumstance squarely applies here. The only connection this case has with Arizona is that it is where Plaintiff currently resides. None of the acts or omissions giving rise to this lawsuit occurred in Arizona. Plaintiff also did not live in Arizona when these acts or omissions occurred. For this reason, the traditional deference to Plaintiff's choice of forum is substantially reduced. *See Rogers v. United States*, No. CV-15-08143-PCT-JZB, 2015 WL 8479065, at *4 (D. Ariz. Dec. 10, 2015); *Koval v. United States*, No. 2:13-CV-1630-HRH, 2013 WL 6385595, at *3 (D. Ariz. Dec. 6, 2013). The allegations here lack any significant connection to the District of Arizona. For these reasons, the Court finds that this factor also weighs in favor of transfer.

### 4. *Parties' Contact with the Forum*

Defendant argues that only Plaintiff has a connection to the District of Arizona, and that none of the federal employees who were part of the events underlying this lawsuit have contacts with Arizona. (Doc. 11 at 8.) Plaintiff argues that the United States itself is the relevant party, which has significant contacts in this District and can easily litigate here. (Doc. 14 at 6–7.) However, this factor analyzes the parties' contacts with the forum as they relate to the lawsuit. *See Rogers*, 2015 WL 8479065, at *4 (considering where specific military personnel related to the lawsuit were located); *Kovacs*, 2013 WL 6385595, at *3 (considering the location of the acts and omissions in considering a transfer). Without this lens, this factor would merely look to the location of each party. The employees pertinent to this case are not based in Arizona, and the events that they allegedly took part in occurred in Washington, D.C. Accordingly, this factor also weighs in favor of transfer.

### 5. *Contacts Relating to the Plaintiff's Cause of Action*

As alleged in the Complaint, all the events giving rise to this action occurred in the District of Columbia. (*See generally* Doc. 1.) Plaintiff concedes that this factor favors

- 6 -

transfer.  (Doc. 14 at 7.)  Accordingly, this factor weighs in favor of transfer.

### 6. *Differences in the Costs of Litigation*

Defendant argues that litigating in the District of Arizona would involve significant additional costs because the witnesses are all located in Washington, D.C.  (Doc. 11 at 9.)  Plaintiff counters that this factor is neutral because Plaintiff would also incur substantial costs in traveling to Washington, D.C. to litigate this case.  (Doc. 14 at 7–8.)

"Generally, litigation costs are reduced when venue is located near most of the witnesses expected to testify or give depositions," and "[a]lthough developments in electronic conveyance have reduced the cost of document transfer somewhat, the cost of litigation will be substantially lessened if the action is venued in the same district where most of the documentary evidence is found."  *Gomez v. Wells Fargo Bank, NA*, No. CV-09-00181-PHX-GMS, 2009 WL 1936790, at *3 (D. Ariz. July 2, 2009) (cleaned up).  Courts also consider the financial impact of transfer on the parties in analyzing this factor.  *See Koval*, 2013 WL 6385595, at *3; *Airbus DS Optronics*, 2015 WL 3439143, at *5.

Here, travel costs and accommodation expenses for witness depositions and potential trial testimony outweigh the individual expense to Plaintiff.  Most witnesses are in the Washington, D.C. area.  Taking their depositions and ultimately conducting a trial in Arizona will incur significant travel and accommodation expenses.  On the other hand, Plaintiff will likely need to travel to Washington, D.C., but his travel back and forth would only impact him, not multiple witnesses.  Overall, litigating this case in the District of Columbia will be less expensive.  Therefore, this factor also weighs in favor of transfer.

### 7. *Availability of Compulsory Process to Compel Attendance of Unwilling Non-Party Witnesses*

Defendant argues that none of the relevant non-party witnesses reside in or have any contacts with Arizona, and that the Court should also consider the location of party witnesses. (Doc. 11 at 10.)  Plaintiff counters that he has only identified two nonparty witnesses, one that lives in Colorado and one that lives in Virginia, with the remaining potential witnesses being employees of the United States that can be compelled to testify

- 7 -

in any jurisdiction. (Doc. 14 at 8.)

Here, the Court will not look beyond the text of the factor to weigh the location of witnesses who are employees of the United States. Moreover, their locations are properly addressed through factors six and eight. Turning to the two identified nonparty witnesses, one lives in Colorado and the other lives in Virginia. (Doc. 14 at 8.) The Colorado witness is much closer to the District of Arizona, while the Virginia witness is near the District of Columbia. On balance, this factor is neutral.

### 8. *Ease of Access to Sources of Proof*

The parties agree that much of the discovery in this case has already been acquired through Plaintiff's criminal proceedings in the District of Columbia. (Doc. 14 at 9; Doc. 15 at 5.) Defendant argues that the witnesses and remaining documentary evidence are either in or near the District of Columbia. (Doc. 11 at 11.) In contrast, Plaintiff argues that many party witnesses reside overseas and that any additional documentary evidence can be transmitted electronically. (Doc. 14 at 9.) Therefore, Plaintiff argues that this factor is neutral. The Court agrees with Plaintiff. With the information the Court possesses at this stage, the factor remains neutral.

### 9. *Public Policy/Local Interest*

Defendant argues that the District of Columbia has a local interest in this case because it involves State Department employees located in Washington, D.C. and is related to a criminal prosecution which occurred there. (Doc. 11 at 11.) Plaintiff counters that this case is a "national controversy, not a local one." (Doc. 14 at 10.) Plaintiff also argues that the FTCA explicitly allows him to bring the action in the District of Arizona. (*Id.* at 10–11.) The Court agrees with Defendant. As discussed, this case has no connection to the District of Arizona. Any local interest belongs to the District of Columbia. *See also Rogers*, 2015 WL 8479065, at *6. Moreover, the FTCA permits a plaintiff to bring an action either "where the plaintiff resides *or* wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b) (emphasis added). Here, Plaintiff did bring the action where he resides. But the statutory language does not mean that the case *must* stay in the

district where Plaintiff initially files it.  Instead, the case is subject to a motion to transfer, which is precisely what occurred here.  This factor weighs in favor of transfer.

In short, Defendant has met its burden.  Of the nine factors, six weigh in favor of transfer and three are neutral.  Accordingly, the Court will transfer this action to the District of Columbia.

**IV.    CONCLUSION**

For the above reasons,

**IT IS HEREBY ORDERED granting** Defendant's Motion to Transfer (Doc. 11). The Clerk of the Court is directed to transfer this action to the District of Columbia.

Dated this 14th day of June, 2024.

_____
Honorable Susan M. Brnovich
United States District Judge

- 9 -